**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
CASE NO. _____3:23CV-165-RGJ_____

| | |
|---|---|
| **MARKEL AMERICAN INSURANCE COMPANY** | **PLAINTIFF** |
| vs. | |
| **LOUISVILLE BOAT RENTAL, LLC**<br>3817 Garfield Ave.<br>Louisville, KY 40212 | **DEFENDANTS** |
|     **QUE'SONDRA MOODY**<br>    **Registered Agent**<br>    3817 Garfield Ave.<br>    Louisville, KY 40212 | |
| and | |
| **ROLANDO CAVEDA HERNANDEZ**<br>3511 River Bluff Rd<br>Prospect, KY 40059 | |

**COMPLAINT FOR RECISSION AND/OR DECLARATORY JUDGMENT**
*(Filed Electronically)*

The Plaintiff, Markel American Insurance Company ("MAIC"), for its Complaint for Recission and/or Declaratory Judgment against the Defendant, Louisville Boat Rental, LLC ("LBR") and Rolando Caveda Hernandez ("Hernandez"), states as follows:

**PARTIES AND JURISDICTION**

1. MAIC is a Virginia corporation with its principal place of business in Glen Allen, VA., and is authorized as an insurance carrier in the Commonwealth of Kentucky.

2. LBR is a Kentucky limited liability company, formed by Que'sondra Moody on June 28, 2016 with a principal place of business at 3817 Garfield Av., Louisville, KY 40212 ("the Garfield Address").

3. Defendant Hernandez is a Kentucky resident who resides at 3511 River Bluff Road, Prospect, Kentucky.

4. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

5. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

**FACTS**

6. On or around July 1, 2014, Que'Sondra Moody's husband, James Moody, formed Derbyville Water Rentals, LLC ("Derbyville"), a Kentucky limited liability company with a principal place of business at the Garfield Address.

7. On or about July 30, 2015, James Moody applied for insurance coverage for Derbyille by completing a "Markel Marine Tradesman Insurance Application." A copy of the Application is attached as Exhibit A.

8. By completing the Application, James Moody represented that Derbyville intended to operate a boat rental business from the Garfield address as its principal place of business while utilizing a separate address, 1501 Marina's Edge Way, Louisville, Kentucky, as its base of operations.

9. On the basis of the material representations made by James Moody, MAIC issued Markel Tradesman Policy No. CQ2011443 to Derbyville which was last received for the period July 14, 2015 to July 14, 2016 ("the Derbyville Policy").

10. Though James Moody was the organizer and only member of Derbyville, Que'Sondra Moody assisted in the operation of the business.

11. During the course of Derbyville's operation, it submitted multiple claims for defense and indemnity under the Derbyville Policy including but not limited to a claim for an accident involving five fatalities and four injuries on July 4, 2015 in Jefferson County, Kentucky.

12. On or about April 25, 2016, MAIC sent a "Notice of Cancellation, Nonrenewal, Conditioned Renewal, Declination of Insurance or Policy Expiration" to Derbyville notifying Derbyville that MAIC would not renew the Derbyville Policy "due to a large loss and history." The non-renewal was effective July 14, 2016. A copy of the Notice is attached as Exhibit B.

13. On or about June 28, 2016, Que'Sondra Moody formed LBR. The intent of LBR was to operate a business identical to Derbyville, using the same office address, phone numbers, advertising copy, base of operations, and equipment as Derbyville, as well as the same division of labor between James Moody and Que'Sondra Moody.

14. On or about July 11, 2016, three days before the effective cancellation date of the Derbyville Policy Que'Sondra Moody applied for insurance coverage for LBR by completing a "Markel Marine Tradesman Insurance Application." A copy of the application is attached as Exhibit C.

15. In completing the Application, Que'Sondra Moody affirmatively represented that no company had ever non-renewed insurance coverage to her. Specifically, the question and Moody's response were:

| Has any company cancelled, non-renewed or refused to offer insurance (including under any prior names)? | ☐ Yes | ☒ No |
|---|---|---|

16. Que'Sondra Moody testified in an examination under oath on January 31, 2023 that this box should have been checked "yes."

17. In completing the Application, Que'Sondra Moody further affirmatively represented that LBR had never operated under any other name. Specifically, the question and Moody's response were:

| Has the applicant or business operated under any other name? | ☐ Yes | ☒ No |
|---|---|---|

18. Que'Sondra Moody denied having operated under any other name but testified under oath on January 31, 2023 that it would have been more accurate to admit that she had previously participated in the operation of Derbyville.

19. LBR, by and through Que'Sondra Moody, made the material representations in the insurance application despite the clear and express warning on the application that knowingly providing false information could subject her to a criminal penalty. See Exhibit C.

20. Several of the material representations made by Que'Sondra Moody in the application for the LBR Policy were knowingly false.

21. On the basis of the material representations made by Que'Sondra Moody, MAIC issued Markel Tradesman Policy No. MDR00000349783 to LBR for the policy period of July 14, 2022 through July 14, 2023 ("the LBR Policy"). A copy of the LBR Policy is attached as Exhibit D.

22. The LBR Policy was subject to general conditions, including that

All insurance provided by this policy shall be null and void if you, at any time, including renewal(s), either intentionally conceal or misrepresent any fact, regardless of materiality, or if you misrepresent or conceal any material fact regardless of intent. Any and all changes in any fact(s) or circumstance(s) material to our acceptance of this risk arising during the term of this policy and/or any renewal(s) must be disclosed to us as soon as possible, and any failure to make such disclosure during the term of the policy shall also render this policy null and void. No action or inaction by us shall be deemed a waiver of this provision.

23. The LBR Policy provides liability coverage with policy limits of $500,000.00.

24. On or about September 14, 2022, Hernandez suffered an injury which he alleges was caused by LBR's operation of its boat rental business. He has demanded $750,000.00 to resolve his claims against LBR arising from that incident.

**FIRST CAUSE OF ACTION: RESCISSION OF INSURANCE CONTRACT**

25. MAIC reiterates the allegations in each of the foregoing paragraphs as if fully restated herein.

26. The representations made by Que'Sondra Moody in in her application for LBR Policy were false including but not limited to the following:

| | Yes | No |
|---|---|---|
| Has any company cancelled, non-renewed or refused to offer insurance (including under any prior names)? | ☐ | ☒ |
| Has the applicant or business operated under any other name? | ☐ | ☒ |

27. The representations made by Que'Sondra in the application were material to MAIC's decision to issue the LBR policy and MAIC would not have issued the LBR Policy absent the material misrepresentations made by Que'Sondra Moody on the insurance application.

5

28. In light of the material misrepresentations made in connection with the issuance of the LBR Policy, MAIC is entitled to recission of the contract. All premiums paid by LBR are being tendered to LBR.

### SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT

29. MAIC reiterates the allegations in each of the foregoing paragraphs as if fully restated herein.

30. An actual controversy exists between the parties concerning the validity and enforceability of the LBR Policy.

31. Under KRS 304.14-110, the misrepresentations by LBR, by and through Que'Sondra Moody, prevent any recovery from any person, party, or claimant, under the LBR Policy because they were fraudulent and material to MAIC's acceptance of the risk assumed by MAIC under the LBR Policy.

32. MAIC would not have issued the LBR policy, or would not have issued it at the same premium rate, or would not have issued the LBR policy with the same coverage limits, or would not have provided coverage with respect to the hazard resulting in the loss, if Que'Sondra Moody had made the true facts known to MAIC.

33. MAIC is entitled to a declaration from this Court that the LBR Policy is void and unenforceable and that is has no obligation to defend or indemnify LBR, including with respect to the claims made by Hernandez.

### PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff, Markel American Insurance Company, requests that the Court grant it relief as follows:

A. Judgment in its favor as to all claims asserted herein;

B. A rescission of the LBR Policy;

C. A declaration that LBR Policy is void and unenforceable;

D. For any and all costs incurred in prosecuting this action; and,

E. Any and all further relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq. (#43548)
Daniel E. Linneman, Esq. (#91695)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY  41011
859.394.6200
859.392.7263 – Fax
jmando@adamsattorneys.com
dlinneman@adamsattorneys.com

*Attorneys for the Plaintiff, Markel American Insurance Company*