UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARKEL AMERICAN INSURANCE                                                                                                    Plaintiff
COMPANY

v.                                                                                          Civil Action No. 3:23-cv-000165-RGJ

LOUISVILLE BOAT RENTAL, LLC, AND                                                     Defendants
ROLANDO CAVEDA HERNANDEZ

### ORDER FOR DEFAULT JUDGMENT

Plaintiff Markel American Insurance Company ("Markel") moves for a default judgment against Defendant Louisville Boat Rental, LLC ("Louisville Boat Rental") and Defendant Rolando Caveda Hernandez ("Hernandez"). [DE 20]. For the reasons below, the motion is for default judgment is **GRANTED**.

### STANDARD

Under Federal Rule of Civil Procedure 55(b), a district court may enter a judgment of default against a defendant who fails to plead or otherwise defend against an action. To obtain a judgment by default, the moving party must first request that the Clerk of the Court enter a default under Fed. R. Civ. P. 55(a). *See Ramada Franchise Sys., Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) (internal citation omitted).

Once the clerk has entered default, the Court must accept all well-pleaded allegations in the complaint as true. *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (citing *Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also* Fed. R. Civ. P. 8(b)(6). Based on the factual predicate in the complaint, the Court must then "examine the sufficiency of plaintiff's allegations to determine whether the plaintiff is entitled to" a default judgment. *Fifth Third Bank v. Canfield*,

3

No. 3:14-CV-00300-CRS, 2014 WL 3853464, at *2 (W.D. Ky. Aug. 5, 2014) (citing *PNC Bank, N.A. v. Starlight Props. & Holdings, LLC*, No. 6:13–CV–408–ORL, 2014 WL 2574040, at *5 (M.D. Fla. June 9, 2014)). The allegations are sufficient "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

"[T]he decision to grant a default judgment is within the Court's discretion." *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citations omitted). Factors considered in determining whether to enter a default judgment include: "[1] the amount of money potentially involved; [2] whether material issues of fact or issues of substantial public importance are at issue; [3] whether the default is largely technical; [4] whether plaintiff has been substantially prejudiced by the delay involved; [5] and whether the grounds for default are clearly established or are in doubt." *J & J Sports Prods., Inc. v. Camacho*, CIVIL ACTION NO. 3:16-CV-00141-TBR, 2017 WL 2389409, at *2 (W.D. Ky. June 1, 2017).

"A default judgment on well-pleaded allegations establishes only defendant's liability; plaintiff must still establish the extent of damages." *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich. 1983). As a result, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested. A court will not simply accept a plaintiff's statement of damages, *see Malibu Media, LLC v. Schelling*, 31 F. Supp. 3d 910, 911 (E.D. Mich. 2014), but "must conduct an inquiry to ascertain the amount of damages with reasonable certainty." *Priority Insulation v. Triple Crown Fin. Grp., Inc.*, No. 1:05CV563, 2006 WL 1529330, at *3 (S.D. Ohio June 5, 2006) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 111 (6th Cir. 1995)). Rule 55(b) permits, but does not require, the court to "conduct hearings or

4

make referrals" in order "to determine the amount of damages[,] establish the truth of any allegation by evidence[,] or investigate any other matter." Fed. R. Civ. P. 55(b)(2)(B).

## DISCUSSION

Markel sued Louisville Boat Rental and Hernandez on April 6, 2023 for rescission of insurance contract, and declaratory judgment that the insurance policy between the parties is void and unenforceable and that Markel has no obligation to defend or indemnify Louisville Boat Rental for the claims made by Hernandez. [DE 1]. The Summons were issued on April 6, 2023. [DE 4]. Markel filed an Amended Complaint on April 17, 2023 correcting the citizenship of the parties in response to the Court's deficiency order. [DE 7]. A waiver of service was returned executed by Louisville Boat Rental and received by Plaintiff's counsel on May 8, 2023. [DE 9]. Hernandez was served via certified mail April 17, 2023. [DE 10].

On October 4, 2023, the Clerk of Court entered entries of default against Louisville Boat Rental and Hernandez for failure to appear or defend, pursuant to Fed. R. Civ. P. 55(a). [DE 15, DE 16]. Markel moved the Court for default judgment under Fed. R. Civ. P. 55(b)(2). [DE 17].

The Court has reviewed the amended complaint and its attachments, which include the insurance applications at issue, notice of insurance cancellation, and insurance policy. Markel issue an insurance policy to Louisville Boat Rental that was obtained as a result of material and fraudulent misrepresentations. [DE 8 Am. Compl. ¶15 - ¶22]. Hernandez made a claim against the policy, claiming he was injured as a result of Louisville Boat Rental's operation of its business. [DE 8 Am. Compl. ¶24]. The insurance policy at issue was subject to conditions, including that the policy is null and void if material facts on the application were misrepresented or concealed. [DE 8 Compl. ¶22; DE 8-4, LBR Policy]. The Court finds that Markel has sufficiently established liability against Louisville Boat Rental on its claim for rescission of

contract. *See Atlas Turner*, 66 F.3d at 110 ("well-pleaded allegations" in the context of a default judgment "establish [a] defendant's liability"). Thus, the Court will grant Markel's default judgment as to its claim for rescission of contract.

As to Markel's claim for a declaratory judgment, "[a] clerk's entry of default is not a guarantee that a court's entry of default judgment is going to follow in a suit arising under the Declaratory Judgment Act." *Allstate Ins. Co. v. Cantrell Funeral Home Inc.,* No. 19-CV-12263, 2020 WL 4915558, at *3 (E.D. Mich. Aug. 21, 2020). The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. It does not provide an independent basis for jurisdiction, rather; it provides courts with discretion to fashion a remedy when federal jurisdiction already exists. *Heydon v. MediaOne of Se. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003).

Markel's declaratory judgment action arises out of diversity jurisdiction pursuant to 28 U.S.C. § 1332. [DE 1, DE 8]. When a party seeks relief under the Declaratory Judgment Act, the Court must avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). Before granting declaratory relief and entering default judgment, the Court must also determine whether it should exercise its jurisdiction under the *Grand Trunk* factors. *See Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (listing the relevant factors). In the Sixth Circuit, courts use the five "Grand Trunk factors" to determine whether declaratory relief is appropriate:

> (1) [W]hether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Id*. at 326. The Sixth Circuit further breaks down the fourth factor into three sub-factors:

> (1) [W]hether the underlying factual issues are important to an informed resolution of the case;
>
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 396 (6th Cir. 2019) (alteration in original).

Markel did not address the *Grand Trunk* factors in its motion for default judgment. But the Court will consider sua sponte the relevant factors for exercising jurisdiction under the Declaratory Judgment Act. As to the first two factors, a declaration that there is no duty to defend or indemnify under the insurance contract would serve the useful purpose of settling the dispute. As to the third, this Court has been presented with nothing that raises suspicion of "procedural fencing" or a "race for res judicata." Because matters of insurance are generally left to state courts, there is potential of increased friction between the federal and state courts by exercising jurisdiction under the fourth factor. But the fourth factor does not weigh heavily under these facts, given that the issues presented are straightforward, and because Louisville Boat Rental and Hernandez have defaulted and thus admitted the factual allegations in the complaint. The Court is not aware that Markel is a party to any state court lawsuit according to the allegations of the complaint. Instead, Markel alleges that Hernandez made a

7

claim, but does not state that litigation has been initiated. Finally, a state-court declaratory-judgment action would typically be a better alternative under the fifth factor. Balancing all these factors together, under the factual and procedural posture of this case, the Court finds that the factors support exercising the Court's jurisdiction.

As stated above, the Court finds it appropriate to find Markel has alleged a proper complaint for no duty to defend or indemnify Louisville Boat Rental under the policy, there are no disputed facts, there is no monetary award (and no need for a hearing), and neither Louisville Boat Rental nor Hernandez have presented excuse for why they failed to defend this action. *See Tempur-Pedic N. Am., LLC v. SOS Furniture Co.,* No. 5:20-CV-54-REW, 2020 WL 6302650, at *2 (E.D. Ky. May 4, 2020) (entering default judgment after finding declaratory relief to be appropriate); *Cantrell Funeral Home*, 2020 WL 4915558, at *7 (entering default judgment after finding declaratory relief to be appropriate).

Because the Court finds it appropriate to exercise its discretion to entertain this action under the Declaratory Judgment Act, the Court will also grant Markel's motion for default judgment as to the declaratory relief sought.

## CONCLUSION

**IT IS ORDERED** that Plaintiff's motion for default judgment [DE 17] is **GRANTED.** The Court will issue separate judgment in favor of Plaintiff Markel and against Defendant Louisville Boat Rental and Defendant Hernandez.

Rebecca Grady Jennings, District Judge
United States District Court

December 12, 2023

8